# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

LAZARO HELIBERTO GALINDO,

    Plaintiff,

v.                                      Case No. 4:24-cv-58-MW/MJF

GORMAN,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Upon review of Plaintiff Lazaro Heliberto Galindo's first amended complaint, the undersigned recommends that this action be dismissed for maliciousness, under 28 U.S.C. § 1915A(b)(1), for Plaintiff's abuse of the judicial process in failing to disclose completely and honestly his litigation history.

### I. BACKGROUND

Plaintiff is an inmate of the Florida Department of Corrections ("FDC"). His inmate number is FDC #M18101. On April 29, 2024, Plaintiff, proceeding *pro se* filed an amended complaint. Doc. 8. In his amended complaint, Plaintiff sues Officer Gorman, Ricky Dixon, and Warden Paul Allen of Wakulla Correctional Institution. *Id*. at 1–3.

Plaintiff alleges that on August 6, 2022, at Wakulla Correctional Institution, an inmate named Aguilar "Sought Mental Health Services" without success. Doc. 8 at 5 (errors in original). After this, Aguilar attacked Plaintiff with "A Broom that was Broken to Spear[-]Like forum" and injured Plaintiff. *Id.* at 5–6 (errors in original). Plaintiff asserts that Officer Gorman was present, and that Gorman "Disobeyed the Procedural Rules of Action And Instead Watched as an 'Onlooker' From Officer Station Enclosure" while failing to take any other action. *Id.* at 6 (errors in original). Plaintiff also asserts various theories of negligence and supervisory liability against Defendants Ricky Dixon and Paul Allen. *Id.* at 7–8. Plaintiff asserts that Defendants violated his Eighth Amendment rights, among others, and he requests compensatory and punitive damages. *Id.* at 6–10.

## II. DISCUSSION

**A.** <u>**Screening of Plaintiff's Complaint**</u>

The Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), was enacted in "an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); *see Procup v. Strickland*, 792 F.2d 1069, 1071

(11th Cir. 1986) (per curiam) ("Recent years have witnessed an explosion of prisoner litigation in the federal courts."). Under the PLRA, a federal court is required to screen a prisoner complaint to determine whether the action is frivolous, is malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1).

Courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989). When a complaint form requires a plaintiff to list his litigation history, and the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative misrepresentation regarding his litigation history constitutes abuse of the judicial process warranting dismissal of the case as "malicious" under section 1915A(b)(1). *Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) (per curiam) ("A plaintiff's bad-faith litigiousness or manipulative tactics, which include lying about one's litigation history, warrant dismissal under § 1915."); *Sears v. Haas*, 509 F. App'x 935, 935–36 (11th Cir. 2013) (per curiam) (holding that dismissal of a prisoner-plaintiff's case for abuse of the judicial process under section 1915A(b)(1) was warranted where the

prisoner failed to disclose cases he previously filed); *Harris v. Warden*, 498 F. App'x 962, 964–65 (11th Cir. 2012) (per curiam) (same); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132–33 (11th Cir. 2012) (per curiam) (same).

B.   **Plaintiff's Disclosures**

Section VIII of the complaint form seeks information regarding a prisoner-plaintiff's prior litigation. Doc. 8 at 11, 13–15. Question C under Section VIII asks, "Have you filed any other lawsuit in federal court either challenging your conviction or otherwise relating to the conditions of your confinement?" *Id.* at 14. Plaintiff answered, "No." *Id.*

At the end of his complaint, Plaintiff signed his name after the following statement: "I declare, under penalty of perjury, that the foregoing (including all continuation pages) is true and correct." *Id.* at 15.

C.   **Plaintiff's Omission**

The undersigned takes judicial notice that, when Plaintiff filed his original and first amended complaints, he failed to disclose at least one case that he filed in federal court relating to his conditions of his confinement: *Galindo v. Haywood*, 4:19-cv-376-WS/CAS (N.D. Fla., Jan. 8, 2020). This case is attributable to Plaintiff in that it bears his inmate

number, FDC #M18101. Complaint at 1, *Galindo v. Haywood*, 4:19-cv-376-WS/CAS (N.D. Fla., Jan. 8, 2020), ECF. No. 1. This case clearly relates to the conditions of Plaintiff's confinement insofar as it alleges the insufficiency of Wakulla Correctional Institution's suicide-watch procedures. *Id.* at 5–6.

Because Plaintiff failed to disclose this case in his complaint in the Northern District of Florida, Plaintiff violated his duty of candor to the District Court.

**D.    The Materiality of Plaintiff's Omission**

Courts have recognized that information regarding a plaintiff's litigation history is useful to the court:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the [PLRA]; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the [PLRA].

*Spires v. Taylor*, No. 3:00-cv-249-RH (N.D. Fla. Oct. 30, 2000), ECF No. 10 at 2. Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous." *In re*

*Epps*, 888 F.2d at 969; *see Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001) (noting that, in assessing frivolousness, courts may consider "a litigant's history of bringing unmeritorious litigation").

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup*, 792 F.2d at 1073; *In re Martin-Trigona*, 737 F.2d 1254, 1261–62 (2d Cir. 1984). Courts also have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to divulge their record of litigation serves all these compelling interests. Thus, to conserve judicial resources and effectively manage their dockets, courts are well within their discretion to require prisoner-plaintiffs to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (noting that district courts have "unquestionable authority to control their own dockets; this authority includes broad discretion in deciding how best to manage the cases before them"). Additionally, because prisoner-plaintiffs generally proceed *pro se*, the information helps the court determine their litigation experience and familiarity with

the legal terrain. The time spent verifying the cases a plaintiff has filed but failed to identify can be considerable.

When courts cannot rely on the statements or responses made by parties, the quality of justice is threatened. Courts, therefore, cannot tolerate false or misleading responses in pleadings or motions. Here, Plaintiff falsely responded to Question C under Section VIII of the complaint form. He knew from reading Section VIII that he was required to disclose all prior cases filed in federal court that related to the conditions of his confinement. Doc. 8 at 15 ("Failure to disclose all prior cases may result in dismissal of this case."); *cf.* Doc. 1 at 13.

A penalty is warranted both to deter Plaintiff from such conduct and to deter others from similar misrepresentations and material omissions. *See Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp. 1142, 1151 (N.D. Ill. 1995) ("The knowing failure of a pro se litigant to admit to the filing of prior related complaints in answer to the questions on the civil rights complaint form is conduct subject to sanctions by the court.").

E.   <u>**The Appropriate Sanction Is Dismissal Without Prejudice**</u>

"[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears*, 509 F. App'x at 936. The court should not allow Plaintiff's false responses to go unpunished. An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice.[1] *See Rivera*, 144 F.3d at 731; *see also, e.g.*, *Reynolds v. Lowery*, No. 18-10856-F, 2018 WL 4206932, *1 (11th Cir. Aug. 8, 2018) (per curiam) (holding that "the district court did not abuse its discretion in dismissing" the prisoner-plaintiff's "complaint as malicious, based on his failure to accurately disclose his prior litigation history"); *Schmidt v. Navarro*, 576 F. App'x 897, 899 (11th Cir. 2014) (per curiam) (same).

No lesser sanction would suffice to deter this type of conduct. For

---

[1] Courts must consider whether a dismissal without prejudice would effectively be with prejudice because of the statute of limitations. *Stephenson v. Warden*, 554 F. App'x 835, 838 (11th Cir. 2014) (per curiam). The statute of limitations for claims under section 1983 brought in Florida is four years. *City of Hialeah v. Rojas*, 311 F.3d 1096, 1103 n.2 (11th Cir. 2002). The earliest alleged misconduct on which Plaintiff bases his claims occurred on July 6, 2022, so the statute of limitations likely would not bar Plaintiff from refiling this action in the near future.

example, providing Plaintiff an opportunity to amend his complaint to disclose the previous lawsuits would equate to overlooking his mendacity and his abuse of the judicial process, because that course of action would entail no penalty. *See Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006). Insofar as Plaintiff already is detained, a mere admonition or a finding of contempt would not deter Plaintiff or other inmates or pretrial detainees from making false representations to the court. Dismissal without prejudice would serve as a warning to Plaintiff and others that future misrepresentations to courts might result in more substantial sanctions. *See Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (noting that a plaintiff's misrepresentation about previous lawsuits may violate Rule 11).

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this case without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), for maliciousness and abuse of the judicial process.

2. **DIRECT** the clerk of the court to close this case.

At Pensacola, Florida, this 29th day of May, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**